### Sam Meissner v. The State.

#### No. 4180.   Decided October 11, 1916.

**Fence Law—Indictment—Notice—Ownership—Statutes Construed.**

Under article 1245, Penal Code, it is necessary that six months' notice shall be given to an accused before he can be required to disconnect and withdraw his fence back on his own land from that of another person, and that at the time this notice is given, the person who gives it shall then, not subsequently, be the owner of the fence, and it must be wholly upon his own land, and the indictment for a violation of this statute must make these allegations, and where this is not done, the indictment is bad.

Appeal from the County Court of Hamilton.   Tried below before the Hon. J. L. Lewis.

Appeal from negligently and wilfully failing to disconnect fence; penalty, a fine of thirty dollars.

The opinion states the case.

*H. E. Chesley,* for appellant.—On question of insufficiency of indictment: Francis v. State, 19 Texas, 280; Lantznester v. State, 19 Texas Crim. App., 320.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, Presiding Judge.—Appellant was convicted for negligently or wilfully failing to disconnect his fence and remove it from that of Otto Schrank, under article 1245, P. C.

Said article is: "Any person who is the owner of any fence wholly upon his own land to which the fence of another is adjoined, or connected in any manner, may require the owner of any such fence to disconnect and withdraw the same back on his own land by first giving notice, in writing, for at least six months, to such person, his agent, attorney, or lessee, to disconnect and withdraw his fence back on his own land.   Any person who shall negligently or wilfully fail to disconnect his fence and remove the same back upon his own land, after the expiration of said notice, shall be fined in any sum not less than ten nor more than fifty dollars; and each ten days' failure, after such notice shall constitute a separate offense for the violation of the provisions of this article."

The charging part of the indictment is, "that on or about the 25th day of January, 1916, and anterior to the presentment of this indictment, in the County of Hamilton and State of Texas, one Otto Schrank was the owner of a fence wholly upon his own land, to which said fence the fence of Sam Meissner was then and there joined and was connected, and the said Otto Schrank did on the 10th day of July, A. D. 1915, at least six months prior to the day and date first above written, give notice in writing to the said Sam Meissner demanding and requiring that he, the said Sam Meissner, disconnect and withdraw his fence back on his land, and the said Sam Meissner,

on the 25th day of January, A. D. 1916, and after the expiration of the said six months' notice, and for more than ten days thereafter, did unlawfully, negligently and wilfully fail to disconnect his said fence and *recover* the same back upon his own land."

Appellant attacks the indictment on various grounds. It is unnecessary to notice but one, which we think is good.

The statute makes it necessary that six months' notice shall be given to an accused before he can be required to disconnect and withdraw his fence back on his own land from that of another person. It also requires that at the time this notice is given the person who gives it shall then, not subsequently, be the owner of the fence, and it must be wholly upon his own land, and it is necessary for the indictment to make these allegations. It will be seen from the indictment copied above that the allegation does not either directly or indirectly aver that Mr. Schrank was the owner of the fence or land at the time he gave the notice to appellant to disconnect and withdraw his fence from Schrank's, it alleging that the notice was given on July 10, 1915. The indictment does not allege that he was then either the owner of the fence or the land on which it was situated, but it alleges that on or about January 25, 1916, he was the owner of a fence wholly upon his own land. Hence, we think the indictment in this particular was fatally defective. It, therefore, becomes our duty to reverse and dismiss this cause, which is accordingly ordered.

*Reversed and dismissed.*